## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

DARREN SMITH                                                                                                PLAINTIFF

v.                                            No. 4:13CV00301 JLH

ARKANSAS HIGHWAY POLICE, *et al*.                                                          DEFENDANTS

**ORDER**

Defendants have moved for a protective order seeking to quash notices of deposition issued by the plaintiff for each of the Commissioners of the Arkansas State Highway Commission. Each Commissioner has submitted an affidavit stating that the authority to make decisions regarding the day-to-day operations of the Arkansas Highway Police, which is a division of the Arkansas State Highway and Transportation Department, has been delegated to the Chief of the Arkansas Highway Police. Each affidavit states that the Commissioner has no personal knowledge of and played no role in the hiring, discipline, promotion, and termination practices at the Arkansas Highway Police, other than decisions relating solely and specifically to the hiring, discipline, and termination of the Chief of the Arkansas Highway Police. Each affidavit also states that the Commissioner has no personal knowledge of and played no role in the hiring, discipline, promotion, or termination decisions regarding Darren Smith.

Federal Rule of Civil Procedure 26(c)(1) provides, in pertinent part, "[t]he court may, for good cause, issue an order to protect a party or persons from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding . . . discovery[.]" The party seeking a protective order has the burden to show good cause. *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973). The Eighth Circuit has held that the party seeking discovery must

make a threshold showing of relevance. *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

The Commissioners are not involved in the day-to-day operations of the Arkansas Highway Police and do not participate in specific employment decisions. They are authorized by statute with the duty of establishing policies and practices for the guidance and direction of the Director of the Arkansas State Highway and Transportation Department. Ark. Code Ann. § 27-65-107(a)(5). They also are authorized to investigate the official conduct of department personnel. Ark. Code Ann. § 27-65-107(a)(7). None of that means, however, that any of them possesses knowledge or information relevant to this case; indeed, the affidavits establish that they do not. Smith says he wants to ask each of them why he knows nothing about the employment practices of the Arkansas Highway Police, but establishing why the commissioners knew nothing about the employment practices of the Arkansas Highway Police would tend to prove no fact of consequence to this case, which is to say that the depositions would serve only to accomplish one of the purposes for which a protective order may issue. Therefore, the motion for protective order is granted. Document #28.

IT IS SO ORDERED this 5th day of March, 2014.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE