**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DARREN SMITH                                                                                      PLAINTIFF

v.                                            No. 4:13CV00301 JLH

ARKANSAS HIGHWAY POLICE, *et al*.                                          DEFENDANTS

**OPINION AND ORDER**

Darren Smith brought this action against six defendants, claiming violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, the Arkansas Civil Rights Act, and interference with a contractual advantage or business expectancy. He also claimed that the defendants retaliated against him for engaging in legally protected activity. After this Court dismissed several of the claims, the claims that remain are (1) Smith's Title VII claim against the Arkansas Highway Police; (2) Smith's Title VII retaliation claim against the Arkansas Highway Police; and (3) Smith's section 1983 claims (based on violations of 42 U.S.C. § 1981) against Arkansas Highway Police Chief Ron Burks, Major Paul Claunch, Captain Jeff Holmes, and Lieutenant James "Boobie" Moore. The defendants have filed a motion for a protective order preventing Smith from obtaining written communications he has requested pursuant to Arkansas's Freedom of Information Act, Ark. Code Ann. § 25-19-101 *et seq.* For reasons explained below, the motion is granted to the extent that Smith has requested written communications that are subject to the attorney-client privilege or work-product doctrine and are not discoverable, as determined by federal law.

Smith has requested "a copy of any written communication to or from any employee of the Arkansas State Highway and Transportation Department and Outside Legal Counsel Attorney Carolyn Witherspoon[, Joseph Ramsey, any other associate or employee of Cross, Gunter, Witherspoon & Galchus P.C. or any subsidiary thereof, and any attorney employed by the Arkansas

State Highway and Transportation Department] referencing Darren Smith." Document #26-1 at 1. Smith also has requested "a copy of any written communications between any attorney, employee or Outside Legal Counsel, and the members of the Arkansas Highway Commission referencing Darren Smith." *Id.*

Smith argues that he is entitled to these communications because Arkansas's Freedom of Information Act does not provide an exemption for documents subject to attorney-client privilege or the work-product doctrine. *See City of Fayetteville v. Edmark*, 304 Ark. 179, 189-92, 801 S.W.2d 275, 280-82 (1990) (holding that "legal memoranda prepared by outside counsel for the City [of Fayetteville] for litigation purposes are public records within the meaning of [Arkansas's] FOIA" and are not exempt from disclosure). The defendants argue that federal law, not state law, controls whether the written communications Smith requests are discoverable.

This is a federal-question action: this Court has subject-matter jurisdiction because the action arises under the laws of the United States. *See* 28 U.S.C. § 1331. Federal common law governs questions of privilege in federal-question actions. Fed. R. Evid. 501; *see United States v. Zolin*, 491 U.S. 554, 562, 109 S. Ct. 2619, 2625, 105 L. Ed. 2d 469 (1989); *Willy v. Admin. Review Bd.*, 423 F.3d 483, 495 (5th Cir. 2005); *Mangieri v. Ark. State Univ.*, No. 3:94CV00140-GH, slip op. at 2 (E.D. Ark. Aug. 30, 1994) (Document #26). Similarly, federal law decides work-product issues, whether an action is in federal court on the basis of diversity of citizenship or a federal question. *See Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000).

"The attorney-client privilege protects confidential communications between a client and his attorney made for the purpose of facilitating the rendering of legal services to the client." *United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012). It is the oldest privilege "for confidential

communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S. Ct. 677, 682, 66 L. Ed. 2d 584 (1981) ("Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."). Communications subject to the attorney-client privilege generally are not discoverable. *See* Fed. R. Civ. P. 26(b)(1), (5).

Documents prepared in anticipation of litigation by another party or its representative are not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means. Fed. R. Civ. P. 26(b)(3); *Baker*, 209 F.3d at 1054. Opinion work product includes counsel's mental impressions, conclusions, opinions, or legal theories and "can be discovered only in very rare and extraordinary circumstances." *Id.*

The description of federal law above provides the starting point for determining whether the written communications Smith requests are subject to the attorney-client privilege or work-product doctrine and are discoverable. Arkansas's Freedom of Information Act does not overrule federal law and render discoverable something that would not be discoverable under federal law. *See Mangieri*, slip op. at 2; *Little Rock Sch. Dist. v. Pulaski Cnty. Special Sch. Dist. No. 1*, No. 4:82CV00866 WRW/JTR, slip op. at 1 (E.D. Ark. July 1, 2002) (Document #3611); *see also John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 153, 110 S. Ct. 471, 475, 107 L. Ed. 2d 462 (1989) ("[T]he [federal] FOIA was not intended to supplement or displace rules of discovery."); *United States v. Weber Aircraft Corp.*, 465 U.S. 792, 801-02, 104 S. Ct. 1488, 1494, 79 L. Ed. 2d 814 (1984). Smith provides no support for his argument that in a federal-question action in federal court, Arkansas law renders something discoverable that federal law would not, nor does he argue that the

3

non-exemption of privileged communications and attorney work product in Arkansas's Freedom of Information Act means that those communications are not privileged or are not work product under federal law. In fact, Smith does not cite any federal law in his brief in response to the defendants' motion. *See* Document #37.

Federal Rule of Civil Procedure 26(c)(1) gives this Court authority to protect from the undue burden of discovery communications and documents that would fall under the attorney-client privilege and work-product doctrine. *Cf. Mangieri*, slip op. at 4-5. Because federal, not state, law governs these issues, the Court grants the defendants' motion for a protective order and relieves the defendants of any obligation to turn over written communications requested by Smith that are subject to the attorney-client privilege or work-product doctrine and are not discoverable, as determined by federal law.[1] Document #26.

IT IS, THEREFORE, ORDERED that all papers, materials, and other things collected or prepared by the parties or their representatives in anticipation for trial, or otherwise within the scope of the federal work-product doctrine, and all private communications of any kind between the defendants and their lawyers within the attorney-client privilege as determined by federal law, are hereby protected from discovery by the opposing party or release to any third party, except by order of this Court. All discovery in this matter will be conducted pursuant to the Federal Rules of Civil Procedure and the scheduling order previously entered by this Court, unless the Court orders otherwise.

---

[1] Even if Arkansas's Freedom of Information Act were relevant, this decision is not necessarily inconsistent with that Act, which exempts "[d]ocuments that are protected from disclosure by order or rule of court" from being disclosed to the public. Ark. Code Ann. § 25-19-105(b)(8); *cf. Mangieri*, slip op. at 4.

IT IS SO ORDERED this 28th day of March, 2014.

                                                _____
                                                J. LEON HOLMES
                                                UNITED STATES DISTRICT JUDGE